IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

EDNA GOOCH,                    )
                               )
        Petitioner,            )
                               )
            v.                 )    Criminal Action No. 02-641
                               )    Civil Action No. 03-1233
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Petitioner's
motion to vacate, set aside, or correct her sentence pursuant to
28 U.S.C. § 2255.  For the following reasons, the Court will deny
the motion.

## I.  Background

On December 19, 2002, Petitioner Edna Gooch was
indicted on one count of conspiracy to possess with intent to
distribute and distribution of five kilograms or more of cocaine,
in violation of 21 U.S.C. §§ 841(a)(1) and 846.  A hearing was
then scheduled for February 7, 2003 at which time Gooch was set
to plead guilty before this Court.  However, at that hearing, she
decided not to enter a guilty plea and asked the Court to appoint
her new counsel.  The Court denied her request.

On February 11, 2003, Gooch was charged by criminal
information with one count of conspiracy to distribute cocaine,
in violation of Title 21 U.S.C. §§ 841(a)(1) and 846.  Also on
February 11, 2003, Gooch entered a plea of guilty to the one

count of conspiracy to distribute cocaine as charged in the
criminal information.  The count charged in the indictment was
dismissed.  During the plea hearing, the Court advised and
questioned Gooch under oath pursuant to Federal Rule of Criminal
Procedure 11.  *United States v. Gooch*, No. 02-641 (E.D. Va. Feb.
11, 2003)(Plea).  On March 21, 2003, this Court sentenced Gooch
to a term of imprisonment of 120 months and eight years of
supervised release.  Gooch was represented by counsel Geremy
Kamens during the plea agreement and sentencing hearings.

Gooch did not appeal her conviction or sentence to the
United States Court of Appeals for the Fourth Circuit.  On
September 16, 2003, Gooch filed a motion to vacate, set aside, or
correct her sentence under 28 U.S.C. § 2255.  This motion is
currently before the Court.

## II.  Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody
may attack his sentence on four grounds: (1) that the sentence
was imposed in violation of the Constitution or the laws of the
United States; (2) that the court was without jurisdiction to
impose the sentence; (3) that the sentence was in excess of the
maximum authorized by law; or (4) that the sentence is otherwise
subject to collateral attack.  28 U.S.C. § 2255; *see also Hill v.
United States*, 368 U.S. 424, 426-27 (1962).  To prevail under §
2255, the movant bears the burden of proof by a preponderance of

-2-

the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th
Cir. 1958).

In order to collaterally attack a conviction or
sentence based upon errors that could have been but were not
pursued on direct appeal, the movant must show cause and actual
prejudice resulting from the errors of which he complains or he
must demonstrate that a miscarriage of justice would result from
the refusal of the court to entertain the collateral attack.
*United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir.
1999)(citations omitted).  The existence of cause for a
procedural default must turn on something external to the
defense, such as the novelty of the claim or a denial of
effective assistance of counsel.  *Id.*  And, in order to
demonstrate that a miscarriage of justice would result from the
refusal of the court to entertain the collateral attack, a movant
must show actual innocence by clear and convincing evidence.  *Id.*

The petitioner bears the burden of showing not merely
that the errors at his trial created a *possibility* of prejudice,
but that they worked to his actual and substantial disadvantage,
infecting his entire trial with error of constitutional
dimension.  *United States v. Malloy*, 758 F.2d 979, 982 (4th Cir.
1985)(citing *United States v. Frady*, 456 U.S. 152, 164-65,
(1982)(emphasis in original)).

-3-

### III.  Analysis

In her motion, Gooch argues that: (1) her guilty plea was not voluntarily or knowingly entered; (2) the Government failed to disclose to her favorable evidence; (3) she received ineffective assistance of counsel; and (4) her attorney told her that she had forfeited her right to appeal.  Gooch does not provide cause for her failure to raise these arguments on direct appeal.  However, ineffective assistance can provide cause, so the Court will first consider her ineffective assistance of counsel allegation.

### A. Ineffective assistance of counsel

To prove that ineffective assistance of counsel violates the Sixth Amendment, a petitioner must satisfy a two-pronged test established by the Supreme Court in *Strickland v. Washington*.  466 U.S. 668, 687 (1984); *Bell v. Evatt*, 72 F.3d 421, 427 (4th Cir. 1995), *cert. denied sub nom. Bell v. Moore*, 518 U.S. 1009 (1996).  A petitioner must show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bell*, 72 F.3d at 427 (citing *Strickland*, 466 U.S. at 688).  That is, the defendant must demonstrate that his counsel's performance was deficient and "there is a reasonable

-4-

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Finally, a defendant must overcome the strong presumption that counsel rendered "adequate assistance and made all significant decisions in the exercise of reasonable judgment." *Strickland*, 466 U.S. at 690.  If a petitioner fails to meet either requirement, his claim for ineffective assistance of counsel fails. *Strickland*, 466 U.S. at 697.  Furthermore, if a petitioner fails to make a sufficient showing on one prong of the test, the Court is not obliged to address the other prong. *Id.* at 700.

Gooch argues that Kamens "continually reacted as though he was on a time schedual [sic] and fearful of defending me.  He said repeatedly 'If we do not hurry and get this case over you will get more time.'" (Pet'r Br. at 5).  However, because Gooch expressed her satisfaction with Kamens' performance during the plea colloquy and Gooch points to no specific errors that Kamens made during his representation of her, Gooch's ineffective assistance of counsel allegation with regard to anything that occurred up to and at the plea hearing fails.[1]

---

[1] In addition, Kamens states in a sworn statement that he discussed the case "repeatedly" with Gooch and "also explained on numerous occasions that if she went to trial the government had told [him] that it would file an information pursuant to 21 U.S.C. §851 that would, in the event of a guilty verdict, require a mandatory minimum sentence of twenty years of imprisonment." (Gov't Answer, Ex. B ¶ 3).  Kamens also states that after Gooch decided not to enter a guilty plea on February 7, 2003, he "discussed the possibility that waiting to enter a guilty plea could affect the mandatory

The consensual character of a plea is necessarily implicated when, as here, a defendant alleges ineffective assistance of counsel in connection with her plea. *Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1296 n.16 (4th Cir. 1992). However, Gooch's responses during the plea colloquy foreclose her argument that she received the ineffective assistance of counsel and any argument that her plea was not entered voluntarily or knowingly. In *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)(citations omitted), the Fourth Circuit explained that "[a] defendant's solemn declarations in open court affirming a plea agreement . . . carry a strong presumption of verity." The court held that "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Id.* at 221-22 (citing *Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1957)); *see also Fields*, 956 F.2d at 1299 (defendant's statements during plea colloquy reflected that plea entered by defendant claiming ineffective assistance of counsel was voluntary and intelligent).

---

minimum sentence imposed if the government chose to file an information pursuant to 21 U.S.C. § 851.  (*Id.* ¶ 6).  Considering Gooch's allegation of ineffective assistance of counsel in light of the contradicting sworn statement by Kamens and the record, it is clear that Kamens' performance did not fall below an objective standard of reasonableness in light of the prevailing professional norms.

The following exchange occurred between the Court and the Petitioner during the plea colloquy:

[The Court]:    Have you had enough time to discuss this case with Mr. Kamens?

[Petitioner]:    Yes.

[The Court]:    Are you satisfied with his services as your lawyer?

[Petitioner]:    Yes.

[The Court]:    The last time we were here, you indicated some dissatisfaction with him. Have you now straightened that out?

[Petitioner]:    Yes.

[The Court]:    Okay, have you discussed with him the nature and elements of the offense that the Government has to prove in order to convict you in this case?

[Petitioner]:    Excuse me?

[The Court]:    Has he told you what the Government has to prove in order to convict you in this case?

[Petitioner]:    Yes.

[The Court]:    You have discussed that with him?

[Petitioner]:    Yes.

. . .

[The Court]:    Do you understand that [your previous conviction] will affect your guideline range?

[Petitioner]:    Yes.

[The Court]:    Have you discussed that with Mr. Kamens?

[Petitioner]:    Yes.

. . .

[The Court]:    Has anyone threatened you or forced you in any way to plead guilty in this case, Ms. Gooch?

[Petitioner]:    No, sir.

. . .

[The Court]:    Okay, you agree you are, in fact, guilty of this offense?

```
[Petitioner]:   Yes.
[The Court]:    Do you still wish to plead guilty?
[Petitioner]:   Yes.
[The Court]:    Are you pleading guilty freely?
[Petitioner]:   Yes.
[The Court]:    And voluntarily?
[Petitioner]:   Yes.
```
(Tr. Plea at 6-7, 12, 14, 18).

Gooch's statements during the plea colloquy prevent her from now alleging that she received ineffective assistance of counsel with respect to her guilty plea or did not voluntarily and knowingly enter a guilty plea to the charges against her. *See Lemaster*, 403 F.3d at 221-22; *see also Fields*, 956 F.2d at 1299.

Gooch also alleges that Kamens told her that she had forfeited her right to appeal. However, this cannot give rise to an ineffective assistance of counsel claim.

In the plea agreement Gooch acknowledged her understanding of her right under 18 U.S.C. § 3742 to appeal the sentence imposed. (*See* Plea Agreement ¶ 3). However, Gooch agreed that she "knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in [§ 3742] or on any ground whatsoever, in exchange for the concessions made by the United States in [the] plea agreement." (*Id.*) By their signatures, Gooch and her

-8-

counsel represented that Gooch had been fully advised concerning the terms of the plea agreement and that her decision to enter into the plea agreement was voluntary.

The following exchange occurred between the Court and the Petitioner during the plea colloquy:

    [The Court]:   Ms. Gooch, do you understand that if I accept your plea, you waive your right to appeal the merits of your case as well as any legal sentence, however, the Government may appeal your sentence?  Do you understand that?

. . . [Petitioner conferred with defense counsel off the record.]

    [Petitioner]:  Yes.

    [The Court]:   Okay.  Having discussed these rights with you, do you still wish to plead guilty?

    [Petitioner]:  Yes.

. . .

    [The Court]:   Do you understand now that if I accept this plea, you know, it's going to be very difficult for you to come back at a later time and complain that you shouldn't have entered a plea?  Do you understand what I'm saying to you?  In other words, if you get in jail, and you change your mind and you think you shouldn't have entered a plea, it's going to be too late for you to come back and say, I now want to change my mind and have a trial; do you understand that?

    [Petitioner]:  Yes.

    [The Court]:   Okay.  Are you sure you want to stick with this plea?  Is that correct?  Do you want to stick with your plea?

. . . [Petitioner conferred with defense counsel off the record.]

    [Petitioner]:  Yes.

        [The Court]:   Are you sure that's what you want to do?
        [Petitioner]:  Yes.
(Tr. Plea at 13-14, 18-19).

        At the conclusion of the hearing, the Court found that
Gooch understood the consequences of the plea, "freely and
voluntarily" entered the plea, and that a factual basis supported
the plea.  Accordingly, the Court accepted the plea and found
Gooch guilty on the count charged in the criminal information.

        Counsel's failure to pursue an appeal requested by a
defendant may constitute ineffective assistance of counsel
regardless of the likelihood of success on the merits.  *United
States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993).  Even though a
defendant pleads guilty, failure to prosecute an appeal when
requested to do so may constitute ineffective assistance.  *United
States v. St. Germain*, 76 F.3d 376, 1996 WL 43578, at *2 (4th
Cir. 1996)(citing *Doyle v. United States*, 721 F.2d 1195, 1198
(9th Cir. 1983); *Hollis v. United States*, 687 F.2d 257, 258-59
(8th Cir. 1982), *cert. denied*, 459 U.S. 1221 (1983); *but see
Barrientos v. United States*, 668 F.2d 838, 842-43 (5th Cir.
1982)).  However, Gooch does not allege that she requested that
Kamens file an appeal.  Kamens states in a sworn statement that
he explained that the plea agreement contained a provision that
eliminated Gooch's right to appeal her sentence and that after
the sentencing hearing, Gooch informed him that she did not wish

                              -10-

to file an appeal.  (Gov't Answer, Ex. B ¶ 6).  Gooch admits that her guilty plea was voluntarily and knowingly entered as to everything but the amount of drugs.  Gooch does not allege that the waiver of her right to appeal during the plea hearing was invalid.  Accordingly, Gooch's waiver of her right to appeal was valid and her allegation that Kamens said she forfeited her right to appeal does not provide grounds for her section 2255 motion.

Accordingly, Gooch's allegation that she received the ineffective assistance of counsel fails.

**B. Guilty plea**

Gooch alleges that her guilty plea was induced and not entered voluntarily or knowingly because her attorney "frightened [her] to the point that [she] could not make a rational decision."  (Pet'r Br. at 5).  In a Reply to a brief filed by the Government, Gooch explains that she does not seek to revoke her guilty plea in whole, just the portion of her plea agreement stating that she was guilty as to five to fifteen kilograms of drugs.  The plea agreement provides in pertinent part: "[t]he parties agree that, based upon the evidence available to the government at the time of the entry of the defendant's plea of guilty, the Government is free to argue that the defendant is responsible for conspiring to distribute between five kilograms of cocaine and fifteen kilograms of cocaine."  (Plea agreement ¶ 6).  The plea agreement originally stated "more than five

-11-

kilograms of cocaine," but was changed by hand to state "between five kilograms of cocaine and fifteen kilograms of cocaine." This change was initialed by Kamens and counsel for the Government, but not by Gooch.  The Statement of Facts, which Gooch adopted during her plea colloquy, stated that Gooch distributed at least 500 grams of cocaine.  Gooch argues that she should have been sentenced for only 500 grams of cocaine.

Gooch has not shown cause for her failure to directly appeal her sentence based on the alleged incorrect amount of drugs.  However, even if she could show cause, she cannot show prejudice.  *See generally Mikalajunas*, 186 F.3d at 492-93.

On or about November 9, 1987, Gooch was found guilty of possession with the intent to deliver cocaine in the Circuit Court of Greenbrier County, West Virginia.  *State of West Virginia v. Edna Gooch*, No. 87-F-26 (W. Va. Cir. Nov. 9, 1987). This conviction is a felony and is a valid information for purposes of 21 U.S.C. § 851.  Gooch's sentence in the instant case properly took into account her prior felony drug conviction.

The record is admittedly confused as to the amount of drugs on which Gooch was sentenced.  However, if the Court had sentenced Gooch based on five to fifteen kilograms of cocaine, a mandatory minimum sentence of 20 years would have applied.  *See* 21 U.S.C. § 841(b)(1)(A)(ii)(II).  Although the amount of drugs has been changed in the plea agreement, the Court sentenced Gooch

-12-

on only 500 grams of cocaine.  The statutorily required minimum
sentence for one who commits a violation of 21 U.S.C. § 841(a)
involving 500 grams or more of cocaine after a prior conviction
for a felony drug offense has become final is 10 years.  21
U.S.C. § 841(b)(1)(B)(ii)(II).  Gooch was sentenced to serve 120
months, or 10 years, of imprisonment.

Accordingly, Gooch cannot show that she was sentenced
based on an incorrect amount of drugs or that she suffered any
prejudice.  Moreover, as explained above, Gooch's responses
during the plea colloquy foreclose any argument that her plea was
not entered voluntarily or knowingly.  *See supra* Part III.A.
Since Gooch does not allege that a miscarriage of justice, i.e.,
that she is actually innocent, would result from the refusal of
the Court to entertain this collateral attack, her allegation
that her plea was not voluntary and knowingly entered fails.

## C. Government's disclosure of evidence

Gooch alleges that the Government failed to disclose
evidence that was favorable to her, i.e., that there were no
drugs found at her residence, on her person, or in her vehicle.
Rather, Gooch claims that the Government intimated that drugs
were found.

Gooch has not shown cause for her failure to directly
appeal the Government's alleged failure to provide this
information.  However, even if she could show cause, she cannot

-13-

show prejudice.  *See generally Mikalajunas*, 186 F.3d at 492-93.

Clearly established federal law, determined in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and its progeny, provides that the Government violates a defendant's due process rights when it fails to disclose to the defendant prior to trial, "evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  *Spicer v. Roxbury Correctional Institute*, 194 F.3d 547, 555 (4th Cir. 1999).  To establish a *Brady* violation, the defendant must show three essential elements: (1) that the evidence in question was favorable to him, whether directly exculpatory or of impeachment value; (2) that the evidence was suppressed by the government, whether willfully or inadvertently; and (3) that the evidence is material.  *Id.* (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)).

Suppressed evidence is "information which had been known to the prosecution but unknown to the defense."  *Id.* at 557 (citing *United States v. Agurs*, 427 U.S. 97, 103 (1976)).  Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  *Id.* at 559 (citing *United States v. Bagley*, 473 U.S. 667, 682 (1985)).  The same *Brady* standard applies in the context of a section 2255 motion.  *See, e.g., Hazel v. United States*, 303 F. Supp. 2d 753, 764 (E.D. Va.

-14-

2004).

Gooch cannot establish the second or third elements of a *Brady* violation.  That no drugs were found at Gooch's residence, on her person, or in her vehicle is not suppressed evidence since Gooch knew that no drugs had been found.  *See generally Adams v. Aiken*, 965 F.2d 1306, 1315 (4th Cir. 1992)(strictly speaking, the Government suppressed nothing by not providing a police report about the questioning of the defendant because the information in the police report was known to the defendant), *vacated on rehearing on other grounds by Adams v. Evatt*, 511 U.S. 1001, 62 U.S.L.W. 3639 (U.S. Mar. 28, 1994)(No. 92-6259).

Moreover, the lack of drugs seized is not material because the Government never claimed that it seized any drugs directly from Gooch and represented during the plea negotiations the charges against her were based on a "dry" or "historical" conspiracy, which means that no drugs had been seized.  *See United States v. Nelson-Rodriguez*, 319 F.3d 12, 49 (1st Cir. 2003).  Thus an absence of drugs seized would not have caused a different result in the proceeding.  Gooch pleaded guilty and was sentenced to serve 120 months of imprisonment.  She admits that her plea was knowing and voluntary as to all but the amount of drugs, so she cannot now allege that had she known that no drugs had been seized, she would not have pleaded guilty.  And whether

-15-

she knew that drugs had been seized or not would not have affected the sentence she received.  Because the absence of drugs seized was not suppressed evidence or material, Gooch's allegation that the Government's failure to disclose such absence to her fails.

### D. **Denial of right to appeal**

Finally, Gooch argues that she was denied her right to appeal.  She states: "I asked if I could appeal.  My attorney indicated that I had given up my right to appeal."  (Pet'r Br. at 6).  As explained above, *see supra* Part III.A., Gooch knowingly and voluntarily waived her right to appeal and that waiver is valid.  Accordingly, Gooch is not entitled to relief on her allegation that she was denied the right to appeal.

### IV.  **Conclusion**

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 will be denied.  An appropriate Order will issue.


July 28, 2005                    _____/s/_____
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE